**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Komarnisky, | CV 12-01766-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| UnitedHealthcare Insurance Company, | |
| Defendant. | |

Pending before the Court is Defendant UnitedHealthcare Insurance Company's Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7). Plaintiff did not file a response to the Motion. For the reasons discussed below, the Court grants Defendant's Motion to Dismiss. However, Plaintiff is granted leave to amend his complaint to comply with federal pleading requirements.

**I.    BACKGROUND**

Plaintiff, Dr. Chris Komarnisky, originally filed this action in the small claims division of the Maricopa County Justice Court (the "Complaint"). (Doc. 1-3). Plaintiff alleges that his clinic administered at least twenty-four chiropractic treatments to his patient, Bonnie Ewen, and that Ms. Ewen's treatments were covered under an insurance policy administered by Defendant UnitedHealthcare Insurance Company ("UHIC"). (*Id.*) According to the Complaint, Ms. Ewen's policy covered twenty-four chiropractic visits, but UHIC only paid Dr. Komarnisky for ten of those visits. (*Id.*) Instead of paying Dr. Komarnisky for the remaining fourteen visits, UHIC allegedly applied the cost of those visits

1  to Ms. Ewen's deductible. (*Id.*) The Complaint states UHIC's decision to deny payment to
2  Dr. Komarnisky "was appealed & rejected." (*Id.*) Plaintiff demands $2,400. (*Id.*)

3  Defendant removed the action to this Court based upon Federal Question Jurisdiction
4  under 28 U.S.C. § 1331, arguing Plaintiff's claims are governed by the Employment
5  Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. (Doc. 1 at 1–2).
6  Shortly thereafter, Defendant filed the present Rule 12(b)(6) motion to dismiss with an
7  attached affidavit. (Docs. 7, 7-1). Defendant argues Plaintiff's claims should be dismissed
8  because (1) Plaintiff's claims are based on state law that is entirely preempted by ERISA, and
9  (2) Plaintiff has failed to exhaust the plan's internal review procedures before filing suit.
10 (Doc. 7 at 5–6). The affidavit attached to the motion makes certain representations about the
11 health plan and states that Ms. Ewen did not appeal UHIC's denial of benefits. (Doc. 7-1 at
12 1–2). Plaintiff did not respond to Defendant's motion.

## II.     FEDERAL PLEADING REQUIREMENTS

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory; and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

1 Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.
2 Without some factual allegation in the complaint, it is hard to see how a claimant could
3 satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also
4 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and
5 Procedure §1202, pp. 94-95 (3d ed. 2004)).

6 Rule 8's pleading standard demands more than "an unadorned, the
7 defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
8 (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked
9 assertions will not suffice. To survive a motion to dismiss, a complaint must contain
10 sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible
11 on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility exists if the pleader pleads factual
12 content that allows the court to draw the reasonable inference that the defendant is liable for
13 the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires
14 more than a sheer possibility that a defendant acted unlawfully. *Id.* "Where a complaint
15 pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line
16 between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S.
17 at 557).

18 In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the facts
19 alleged in the complaint in the light most favorable to the drafter of the complaint and the
20 court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,
21 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, courts do not have to accept as true a legal
22 conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

23 **III.   DISCUSSION**

24 The Complaint in this case fails to meet federal pleading requirements. Plaintiff has
25 not identified a cognizable legal theory upon which relief can be granted, nor has Plaintiff
26 alleged sufficient facts to support such a theory. The Complaint alleges UHIC failed to pay
27 for all twenty-four treatments "as per [Ms. Ewen's] policy." (Doc. 1-3). The Complaint also
28 states UHIC "applied the first 14 visits to her deductable [sic]" and "paid only on the final

10 visits." (Doc. 1-3). While this allegation is "consistent with" Defendant's refusal to pay money rightfully owed to Plaintiff, it does not "plausibly establish" a claim for relief "given [the] more likely explanation[ ]" that Ms. Ewen's policy simply included a deductible that had not been met. *Iqbal*, 556 U.S. at 681. Plaintiff's complaint may have satisfied the pleading requirements of the court where he initially brought the action, but it does not satisfy the requirements of Federal Rule of Civil Procedure 8.[1] For this reason, the Court grants Defendant's Motion to Dismiss.[2]

## IV.   LEAVE TO AMEND

Because it has been more than twenty-one days since the Rule 12(b)(6) Motion was served, Plaintiff has lost his right to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). However, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This complaint was originally filed in a state small claims court, where different rules and pleading standards apply. The Ninth Circuit Court of Appeals has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

This Court is unable conclude that Plaintiff cannot possibly cure the Complaint by filing an amended pleading with specific legal theories and factual allegations supporting each of those theories. Therefore, consistent with *Lopez*, this Court will grant Plaintiff leave to file an amended complaint that complies with federal pleading standards.

## V.   CONCLUSION

---

[1] Because the Complaint fails to satisfy federal pleading requirements, the Court declines to address either of Defendant's arguments: (1) that Plaintiff's claims are based on state law that is entirely preempted by ERISA; and (2) that Plaintiff has failed to exhaust the plan's internal review procedures before filing suit.

[2] Alternatively, Plaintiff's failure to respond to Defendant's Motion to Dismiss "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i).

For the reasons stated above,

**IT IS ORDERED** granting Defendant's Motion to Dismiss. (Doc. 7). Plaintiff may file an amended complaint within twenty-one days of this Order. If Plaintiff fails to file an amended complaint before this deadline, the Clerk of the Court shall enter judgment, dismissing this case with prejudice.

DATED this 11th day of February, 2013.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge