**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Chris Komarnisky, | ) | CV 12-01766-PHX-JAT |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| | ) ) ) | |
| UnitedHealthcare Insurance Company, | ) ) | |
|     Defendant. | ) ) | |

On February 11, 2013, the Court issued an Order dismissing this action for failure to state a claim. (Doc. 8). However, the Court granted Plaintiff leave to file an amended complaint within twenty-one days. (*Id*. at 5). In the Order, the Court declined to address Defendant's arguments that, (1) Plaintiff's state law claims are preempted by ERISA, and (2) Plaintiff failed to exhaust his administrative remedies, because Plaintiff's original Complaint, filed in state court, failed to satisfy federal pleading requirements. (*Id.* at 4 n.1.).

Plaintiff has since filed a letter with the Court entitled "Plaintiff's Response to Defendant's Motion to Dismiss." (Doc. 9.). As the Court noted in the Order dismissing Plaintiff's initial Complaint, Plaintiff failed to Respond to Defendant's Motion to Dismiss (Doc. 7) within the deadline and prior to the Court issuing the Order (Doc. 8). Accordingly, Plaintiff's letter cannot be considered as a Response to the Motion to Dismiss. In Plaintiff's letter, Plaintiff argues his claims are not governed by ERISA and provides evidence suggesting he may have exhausted his administrative remedies. (Doc. 9 at 1). Additionally, Plaintiff asks the Court to remand this case to the state court, arguing that this Court is

1  without jurisdiction under 28 U.S.C. § 1332. (*Id*. at 2).  However, Defendants removed the
2  action to this Court under 28 U.S.C. § 1331 ("The district courts shall have original
3  jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United
4  States."). (Doc. 1).  Thus, Plaintiff's argument is irrelevant.

5        Although Plaintiff's letter may cast some doubt on Defendant's prior arguments, the
6  letter is entirely devoid of a cognizable legal theory.  Thus, the letter is insufficient to qualify
7  as an amended complaint filed in accordance with the Court's Order. *See Balistreri v.*
8  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (the Court may dismiss a complaint
9  if it lacks a cognizable legal theory or alleges enough facts under a cognizable legal theory).
10 The deadline for filing an amended complaint has almost expired.  Because Plaintiff is a pro
11 se litigant, the Court is still unable to conclude that Plaintiff cannot possibly cure the defects
12 by filing an amended complaint that complies with federal pleading requirements, and the
13 deadline for filing an amended complaint has not passed, the Court will grant Plaintiff
14 additional time to file an amended complaint in accordance with the Court's Order (Doc. 8).
15 *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

16       Based on the foregoing,

17       **IT IS ORDERED** granting Plaintiff ten (10) days from the date of this Order to file
18 an amended complaint.  If Plaintiff fails to file an amended complaint before this deadline,
19 the Clerk of the Court shall enter judgment, dismissing this case with prejudice.

20       DATED this 1st day of March, 2013.

James A. Teilborg
Senior United States District Judge